**VIDEOPHILE, INC., a Mississippi Corporation, Plaintiff,**

v.

**CITY OF HATTIESBURG, a Mississippi Municipal Corporation, Defendant.**

Civ. A. No. H84–0237(L).

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

Jan. 15, 1985.

---

George F. Bloss, III, Gulfport, Miss., for plaintiff.

S. Wayne Easterling, City Atty., Hattiesburg, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of the plaintiff, Videophile, Inc., to enjoin enforcement of the obscenity ordinance recently enacted by the defendant, the City of Hattiesburg (City),[1] pending a trial on the merits. The court, having reviewed the memoranda with attachments submitted by the parties and having heard oral argument on the issues, is of the opinion that the plaintiff's motion is well taken and should be granted.

■ The criteria for the issuance of a preliminary injunction are well settled in the Fifth Circuit. The moving party must demonstrate:

1. A substantial likelihood that the movant will prevail on the merits;

2. A substantial threat that the movant will suffer irreparable injury if the injunction is not granted;

3. That the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmoving party; and

4. That granting the preliminary injunction will not disserve the public interest.

*Canal Authority v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974). A preliminary injunction is extraordinary relief and should only be granted upon a clear showing by the plaintiff. *Id.*

■ To prevail on its motion for the preliminary injunction, the plaintiff must demonstrate a substantial likelihood of success on the merits of its claim. The plaintiff first argues that the City is not authorized to enact the obscenity ordinance. In Mississippi, a municipality is empowered to "enact ordinances for the purposes provided by law where same are not repugnant to the laws of the state." Miss.Code Ann. § 21-17-5 (1972). A municipality's powers, accordingly, are limited to those expressly delegated. See *Hattiesburg Firefighters v. City of Hattiesburg,* 263 So.2d 767, 769 (Miss.1972); *City of Jackson v. Freeman-Howie, Inc.,* 239 Miss. 84, 121 So.2d 120, 121 (1960). The parties have not identified any specific authorization enabling a municipality to enact an obscenity ordinance. Counsel for the City cited the municipality's police power as the source of its authority. Under Mississippi law, however, express authorization is required, as "powers of a municipality are to be construed most strongly against an asserted right not clearly given and cannot be extended by mere implication." *Hattiesburg Firefighters v. City of Hattiesburg,* 263 So.2d 767, 769 (Miss.1972). Accordingly, this court cannot infer the City's authorization, especially since the state has enacted compre-

1. See Appendix 1 for text of ordinance.

hensive obscenity legislation.[2] Enforcement of the state statutes was preliminarily enjoined in *Goldstein v. Allain*, 568 F.Supp. 1377, 1387 (N.D.Miss.1983), but the legislation has not been held unconstitutional. Since the issuance of the preliminary injunction, the legislature has met, yet did not alter the statutes. The legislature's action must be interpreted as preempting the field and, therefore, the City is without power to enact its obscenity ordinance.

■ Additionally, the City's ordinance differs from the statutes enacted by the legislature. The changes were made, according to the City, to correct the possible constitutional flaws identified by the court's opinion in *Goldstein v. Allain*. The result of the alterations is an ordinance that conflicts with the state statutes. Since the City's power is limited to the enactment of ordinances "not repugnant to the laws of the state," this court is of the opinion that the ordinance exceeds the defendant's statutory authority. The plaintiff has, therefore, shown a substantial likelihood of success on the merits of its preemption claim.

■ The plaintiff has also raised claims regarding the constitutionality of the ordinance.[3] In *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the United States Supreme Court established a tripartite test for determining whether material is obscene and, therefore, whether it can be regulated without violating the first amendment.

The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest, …; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

*Miller*, 413 U.S. at 24, 93 S.Ct. at 2615 (citations omitted).

The City's ordinance adopts the *Miller* test in its definition of obscene material. The entire *Miller* test, however, is not applied in determining whether a performance is obscene.[4] Performance is defined by the ordinance as "a play, motion picture, dance or other exhibition performed before an audience." Plaintiff sells video tapes which, when shown to an audience, are potentially within the reach of the definition of performance in the ordinance. Motion pictures and video tapes are clearly entitled to the protection of *Miller, see Jenkins v. Georgia*, 418 U.S. 153, 157–58, 94 S.Ct. 2750, 2753–54, 41 L.Ed.2d 642 (1974), and the ordinance, in failing to provide those safeguards, does not satisfy the constitutional requirements.

■ In Mississippi, portions of an ordinance are severable "where the provisions of an ordinance are severable, and it may fairly be presumed that the municipal council would have enacted one part without the other." *Day v. Klein*, 225 Miss. 191, 82 So.2d 831 (1955). The ordinance does not include a severability provision and the court cannot infer the City's intent to delete portions in order to preserve the remainder of the ordinance. Accordingly, the plaintiff has also established a substantial

2. *See* Miss.Code Ann. §§ 97–29–101 through –109 (Supp.1984). See Appendix 2 for text of statutes.

3. Neither party has argued that this court should abstain from considering the constitutional issues pursuant to *Railroad Commission of Texas v. Pullman Company*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). The court, however, has considered the application of the abstention doctrine on its own motion and concludes that abstention is not appropriate. Abstention is the exception rather than the rule, *see Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976), and is rarely proper when first amendment rights are involved. *See Procunier v. Martinez*, 416 U.S. 396, 405, 94 S.Ct. 1800, 1807, 40 L.Ed.2d 224 (1974).

4. *See* Appendix 1, Section II(1)(a)–(c).

likelihood of prevailing on the merits of its constitutional claim.[5]

■ At the hearing, counsel for the defendant conceded the plaintiff's arguments on the final three prongs of the *Canal Authority* test. The court has reviewed the applicable law and is of the opinion that the threatened deprivation of first amendment rights clearly outweighs any harm the injunction may cause the City. *See Goldstein v. Allain,* 568 F.Supp. 1377, 1386 (N.D.Miss.1983). In addition, the public interest is best served by the "vigorous exercise of first amendment rights." *Goldstein,* 568 F.Supp. 1386–87.

For the reasons expressed herein, it is ordered that the plaintiff's motion to enjoin enforcement of the obscenity ordinance of the City of Hattiesburg is hereby granted.

APPENDIX 1

ORDINANCE NO. 2164

OF THE

CITY OF HATTIESBURG, MISSISSIPPI

AN ORDINANCE PROHIBITING AND MAKING UNLAWFUL THE DISTRIBUTION OR WHOLESALE DISTRIBUTION OF OBSCENE MATERIALS AND PERFORMANCES, AND DEFINING WHAT CONSTITUTES SAID OFFENSES AND PROVIDING FOR A FINE NOT EXCEEDING FIVE HUNDRED DOLLARS AND/OR CONFINEMENT NOT EXCEEDING NINETY DAYS

BE IT ORDAINED by the Mayor and Commissioners of the City of Hattiesburg, Mississippi:

SECTION I. It shall be unlawful for any person to commit the offense of distributing obscene materials or obscene performances. A person commits the offense of distributing obscene materials or obscene performances when he sells, rents,

leases, advertises, publishes or exhibits to any person any obscene material or obscene performance of any description knowing the obscene nature thereof, or offers to do so, or possesses such material with the intent to do so. A person commits the offense of wholesale distributing obscene materials of obscene performances when he distributes for the purpose of resale any obscene material or obscene performance of any description knowing the obscene nature thereof, or offers to do so, or possesses such material with the intent to do so. The word "knowing" as used in this section means either actual or constructive knowledge of the obscene contents of the subject matter, and a person has constructive knowledge of the obscene contents if he has knowledge of facts which would put a reasonable and prudent person on notice as to the suspect nature of the material. The character and reputation of an individual charged with an offense under sections I through V of this ordinance and, if a commercial dissemination of obscene material or an obscene performance is involved, the character and reputation of the business establishment involved, may be placed in evidence by the defendant on the question of intent to violate sections I through V.

Any person, other than a city attorney, county prosecuting attorney or district attorney who shall sign an affidavit charging an offense prescribed by this section shall file a bond in the amount of five hundred dollars ($500.00) at the time such affidavit is lodged. Such bond shall be conditioned that the affidavit was not filed frivolously, maliciously or out of ill will.

SECTION II.

(1) Material or performance is obscene if:

---

5. The plaintiff also asserts that the restrictions on undeveloped photographs, molds, printing plates and the like constitute a prior restraint; that the procedural safeguards, particularly the absence of a probable cause hearing before a neutral detached magistrate, do not satisfy the requirements of due process; that the ordinance is facially overbroad; and that the "constructive knowledge" provisions violate the constitutional scienter requirements and utilize a civil law negligence standard. It is unnecessary for the court to consider these contentions because there are sufficient grounds in the plaintiff's other claims for the issuance of a preliminary injunction.

(a) To the average person, applying contemporary community standards, taken as a whole, it appeals to the prurient interest, that is, a shameful, or morbid interest in nudity, sex or excretion; and

(b) The material taken as a whole lacks serious literary, artistic, political or scientific value; and

(c) the material depicts or describes in a patently offensive way, sexual conduct specifically defined in subparagraphs (i) through (v) below:

(i) Acts of sexual intercourse, heterosexual or homosexual, normal or perverted, actual or simulated;

(ii) Acts of masturbation;

(iii) Acts involving excretory functions or lewd exhibition of the genitals;

(iv) Acts of bestiality or the fondling of sex organs of animals; or

(v) Sexual acts of flagellation, torture or other violence indicating a sadomasochistic sexual relationship.

(2) Undeveloped photographs, molds, printing plates and the like shall be deemed obscene material, notwithstanding that processing or other acts may be required to make the obscenity patent or to distribute it.

(3) "Performance" means a play, motion picture, dance or other exhibition performed before an audience.

(4) "Patently offensive" means so offensive on its face as to affront contemporary community standards.

(5) "Wholesale distributes" means to distribute for the purpose of resale.

(6) "Material" means any book, magazine, newspaper, advertisement, pamphlet, poster, print, picture, figure, image, drawing, description, motion picture film, phonographic record, recording tape, video tape, or other tangible thing producing, reproducing or capable of producing or reproducing an image, picture, sound or sensation through sight, sound or touch, but it does not include an actual three-dimensional sexual device as defined in Section III.

SECTION III. A person commits the offense of distributing unlawful sexual devices when he knowing [sic] sells, advertises, publishes or exhibits to any person any three-dimensional device designed or marketed as useful primarily for the stimulation of human genital organs, or offers to do so, or possesses such devices with the intent to do so. A person commits the offense of wholesale distributing unlawful sexual devices when he distributes for the purpose of resale any three-dimensional device designed or marketed as useful primarily for the stimulation of human genital organs, or offers to do so, or possesses such devices with the intent to do so.

Any person, other than a city attorney, county prosecuting attorney or district attorney who shall sign an affidavit charging an offense prescribed by this section shall file a bond in the amount of Five Hundred Dollars ($500.00) at the time such affidavit is lodged. Such bond shall be conditioned that the affidavit was not filed frivolously, maliciously or out of ill will.

SECTION IV. This ordinance shall not apply when the distribution or wholesale distribution of the material, performance or device was made by:

(a) A person, corporation, company, partnership, firm, association, business, establishment or other legal entity to a person associated with an institution of higher learning, either as a member of the faculty or as a matriculated student, teaching or pursuing a course of study related to such material, performance or device;

(b) A licensed physician or a licensed psychologist to a person whose receipt of such material or device was authorized in writing by such physician or psychologist in the course of medical or psychological treatment or care;

(c) A person who while acting in his capacity as an employee is employed on a full-time or part-time basis by (i) any recognized historical society or museum accorded charitable status by the federal government; (ii) any state, county or municipal public library; or (iii) any library of any

public or private school, college or university in this state; or

(d) A community television antenna services system or a cable television system operating pursuant to a written agreement not in conflict with this paragraph granted by a county, municipality or other political subdivision of this state, or by an employee of such system while acting within the scope of his employment, when the signal transmitting the material or performance originates outside of the state of Mississippi.

(2) Any exemption from prosecution claimed under the provisions of this section may be raised at a pretrial hearing by motion, and the court shall determine whether evidence exists to constitute an exemption from prosecution under the provision of this ordinance. If the motion is sustained, the case shall be dismissed; provided, however, if the motion is not sustained then the defendant may offer into evidence at trial as an affirmative defense to conviction under this act any matter which could have been raised by the defendant in the motion to dismiss.

SECTION V. Penalty. Any person who violates this ordinance shall be guilty of a misdemeanor and upon conviction shall be punished by a fine not exceeding Five Hundred Dollars ($500.00) and/or confinement not to exceed 90 days. Finally, this ordinance shall be in full force and effect 30 days after its date of passage.

The foregoing ordinance having been reduced to writing, the same was introduced and read, and a vote was taken thereon, first section by section and then upon the ordinance as a whole, with the following results:

Those present and voting "YEA" and in favor of the adoption of each section of the foregoing ordinance:

Mayor Bobby L. Chain
Commissioner W.U. (Bill) Sigler
Commissioner G.D. Williamson

Those present and voting "NAY" or against any section of the foregoing ordinance:

None

Those present and voting "YEA" and in favor of the adoption of the foregoing ordinance as a whole:

Mayor Bobby L. Chain
Commissioner W.U. (Bill) Sigler
Commissioner G.D. Williamson

Those present and voting "NAY" or against the foregoing ordinance as a whole: None

WHEREUPON, the foregoing ordinance was unanimously passed, adopted and approved on this, the 4th day of September, A.D., 1984.

_____
MAYOR
ATTEST:

_____
COMMISSIONER–CLERK
(SEAL)

## APPENDIX 2

### § 97–29–101. Distribution or wholesale distribution of obscene materials or performances; character and reputation as evidence; prosecutor's bond.

A person commits the offense of distributing obscene materials or obscene performances when he sells, rents, leases, advertises, publishes or exhibits to any person any obscene material or obscene performance of any description knowing the obscene nature thereof, or offers to do so, or possesses such material with the intent to do so. A person commits the offense of wholesale distributing obscene materials or obscene performances when he distributes for the purpose of resale any obscene material or obscene performance of any description knowing the obscene nature thereof, or offers to do so, or possesses such material with the intent to do so. The word "knowing" as used in this section means either actual or constructive knowledge of the obscene contents of the subject matter, and a person has constructive knowledge of the obscene contents if he has knowledge of facts which would put a reasonable and prudent person on notice as to the suspect nature of the material. The char-

acter and reputation of an individual charged with an offense under sections 97–29–101 through 97–29–109 and, if a commercial dissemination of obscene material or an obscene performance is involved, the character and reputation of the business establishment involved, may be placed in evidence by the defendant on the question of intent to violate sections 97–29–101 through 97–29–109.

Any person, other than a city attorney, county prosecuting attorney or district attorney, who shall sign an affidavit charging an offense prescribed by this section shall file a bond in the amount of five hundred dollars ($500.00) at the time such affidavit is lodged. Such bond shall be conditioned that the affidavit was not filed frivolously, maliciously or out of ill will.

### § 97–29–103. Definitions.

(1) Material or performance is obscene if:

(a) To the average person, applying contemporary community standards, taken as a whole, it appeals to the prurient interest, that is, a lustful, erotic, shameful, or morbid interest in nudity, sex or excretion; and

(b) The material taken as a whole lacks serious literary, artistic, political or scientific value; and

(c) The material depicts or describes in a patently offensive way, sexual conduct specifically defined in subparagraphs (i) through (v) below:

(i) Acts of sexual intercourse, heterosexual or homosexual, normal or perverted, actual or simulated;

(ii) Acts of masturbation;

(iii) Acts involving excretory functions or lewd exhibition of the genitals;

(iv) Acts of bestiality or the fondling of sex organs of animals; or

(v) Sexual acts of flagellation, torture or other violence indicating a sadomasochistic sexual relationship.

(2) Undeveloped photographs, molds, printing plates and the like shall be deemed obscene material notwithstanding that processing or other acts may be required to make the obscenity patent or to distribute it.

(3) "Peformance" means a play, motion picture, dance or other exhibition performed before an audience.

(4) "Patently offensive" means so offensive on its face as to affront current community standards of decency.

(5) "Wholesale distributes" means to distribute for the purpose of resale.

(6) "Material" means any book, magazine, newspaper, advertisement, pamphlet, poster, print, picture, figure, image, drawing, description, motion picture film, phonographic record, recording tape, video tape, or other tangible thing producing, reproducing or capable of producing or reproducing an image, picture, sound or sensation through sight, sound or touch, but it does not include an actual three-dimensional sexual device as defined in section 97–29–105.

### § 97–29–105. Distribution or wholesale distribution of unlawful sexual devices; prosecutor's bond.

A person commits the offense of distributing unlawful sexual devices when he knowingly sells, advertises, publishes or exhibits to any person any three-dimensional device designed or marketed as useful primarily for the stimulation of human genital organs, or offers to do so, or possesses such devices with the intent to do so. A person commits the offense of wholesale distributing unlawful sexual devices when he distributes for the purpose of resale any three-dimensional device designed or marketed as useful primarily for the stimulation of human genital organs, or offers to do so, or possesses such devices with the intent to do so.

Any person, other than a city attorney, county prosecuting attorney or district attorney, who shall sign an affidavit charging an offense prescribed by this section shall file a bond in the amount of five hundred dollars ($500.00) at the time such affidavit is lodged. Such bond shall be conditioned that the affidavit was not filed frivolously, maliciously or out of ill will.

**§ 97–29–107. Exemptions from application of §§ 97–29–101 through 97–29–109; procedure for claiming exemption; defenses.**

(1) Sections 97–29–101 through 97–29–109 shall not apply when the distribution or wholesale distribution of the material, performance or device was made by:

(a) A person, corporation, company, partnership, firm, association, business, establishment or other legal entity to a person associated with an institution of higher learning, either as a member of the faculty or as a matriculated student, teaching or pursuing a course of study related to such material, performance or device;

(b) A licensed physician or a licensed psychologist to a person whose receipt of such material or device was authorized in writing by such physician or psychologist in the course of medical or psychological treatment or care;

(c) A person who while acting in his capacity as an employee is employed on a full-time or part-time basis by (i) any recognized historical society or museum accorded charitable status by the federal government; (ii) any state, county or municipal public library; or (iii) any library of any public or private school, college or university in this state; or

(d) A community television antenna services system or a cable television system operating pursuant to a written agreement not in conflict with this paragraph granted by a county, municipality or other political subdivision of this state, or by an employee of such system while acting within the scope of his employment, when the signal transmitting the material or performance originates outside of the state of Mississippi.

(2) Any exemption from prosecution claimed under the provisions of this section may be raised at a pretrial hearing by motion, and the court shall determine whether sufficient evidence exists to constitute an exemption from prosecution under the provisions of sections 97–29–101 through 97–29–109. If the motion is not sustained then the defendant may offer into evidence at trial as an affirmative defense to conviction under this act any matter which could have been raised by the defendant in the motion to dismiss.

**§ 97–29–109. Penalties.**

Any person, except one who wholesale distributes, who violates section 97–29–101 or section 97–29–105 shall be guilty of a misdemeanor and, upon conviction, shall, in the case of the first offense, be fined not more than five thousand dollars ($5,000.00) or imprisoned in the county jail for a term not to exceed six (6) months, or both. If the person has been previously convicted of a violation of section 97–29–101 or section 97–29–105 or of section 97–5–27 or 97–5–29, Mississippi Code of 1972, then the person shall be fined not less than two thousand five hundred dollars ($2,500.00) nor more than ten thousand dollars ($10,000.00) or imprisoned for a term not to exceed one (1) year, or both.

Any person who wholesale distributes in violation of section 97–29–101 or section 97–29–105 shall, upon conviction, be fined not more than ten thousand dollars ($10,000.00) or imprisoned for a term not to exceed one (1) year, or both. If the person has been previously convicted of a violation of section 97–29–101 or section 97–29–105 or of section 97–5–27 or 97–5–29, Mississippi Code of 1972, then the person shall, upon conviction, be fined not less than two thousand five hundred dollars ($2,500.00) nor more than fifty thousand dollars ($50,000.00) or imprisoned for a term not to exceed one (1) year, or both.

A corporation, company, partnership, firm, association, business, establishment, organization or other legal entity other than an individual convicted of distributing obscenity or unlawful sexual devices or wholesale distribution of obscenity or unlawful sexual devices shall be fined not less than one thousand dollars ($1,000.00) nor more than ten thousand dollars ($10,000.00). If such legal entity has been previously convicted of distributing obscenity or unlawful sexual devices or wholesale distribution of obscenity or unlawful sexual devices or of a violation of section 97–5–27

or section 97–5–29, Mississippi Code of 1972, then such legal entity shall be fined not less than five thousand dollars ($5,000.00) nor more than fifty thousand dollars ($50,000.00).